1
2
3
4
5              **UNITED STATES DISTRICT COURT**
6              **SOUTHERN DISTRICT OF CALIFORNIA**
7

8    UNITED STATES OF AMERICA,              CASE NO. 05-CV-2243-WQH (RBB)

9                          Plaintiff,       **ORDER GRANTING PLAINTIFF'S**
                                            **MOTION FOR SUMMARY**
10          vs.                             **JUDGMENT**

11   SUSAN M. BOYNTON,                      [D.E. 20.]

12                         Defendant.

13
14   HAYES, Judge:

15   **I.     Background**

16          On December 9, 2005, the United States filed the above-captioned action to reduce to

17   judgment federal income tax assessments for the 1982 tax year against Defendants Warren K. Boynton

18   ("Mr. Boynton") and Susan M. Boynton ("Ms. Boynton").  In its Complaint, the United States seeks

19   to reduce to judgment assessments, penalties and interest totaling $13,364,973.63 as of August 31,

20   2005. (Compl. ¶ 9.) Defendants' federal income tax liabilities for the 1982 tax year were previously

21   adjudicated on a petition to the United States Tax Court, which entered judgment against Defendants

22   on September 22 1993.  *See Cramer v. Comm'r*, 101 T.C. 225 (1993) (consolidating petitions of

23   Warren K. and Susi M. Boynton,[1] among others, and entering decision for the Commissioner of

24   Internal Revenue).  The judgment was affirmed by the Ninth Circuit on September 11, 1995.  *See*

25   *Cramer v. Comm'r*, 64 F.3d 1406 (9th Cir. 1995).  As Mr. Boynton and Ms. Boynton filed a joint

26   income tax return in 1982, they were found to be jointly and severally liable for the full amount due.

27   _____

28          [1]  There is no dispute that, despite the difference in the spelling of her first name, petitioner
     Susi M. Boynton in the Tax Court case is the same person as Defendant Susan M. Boynton in this
     case.

1   *See id.* at 1410.  The United States has been collecting on the assessments for more than 10 years.

2   (Decl. Justin S. Kim ("Kim Decl."), Ex. 1.)  According to the United States, this action to reduce the

3   assessments to judgment was filed in order to extend the statute of limitations under 26 U.S.C. §

4   6502(a) (imposing a 10-year period of limitations on collection after assessment unless "a timely

5   proceeding in court for the collection of a tax is commenced").  (Mem. Supp. Mot. Summ. J. at 1-2.)

6       On March 1, 2006, this Court entered a stipulated Judgment against Mr. Boynton for the full

7   amount sought by the Complaint.  (D.E. 4.)  On October 30, 2006, the United States filed its Motion

8   for Summary Judgment against Ms. Boynton.  (D.E. 20.)  Ms. Boynton filed a Response in Opposition

9   to the Motion on December 21, 2006 (D.E. 22) and the United States filed its Reply on December 29,

10  2006 (D.E. 23).  On January 8, 2007, this Court heard oral argument from counsel for both remaining

11  parties.

12  **II.    Legal Standard**

13      Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where the moving

14  party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a

15  matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

16  A fact is material when, under the governing substantive law, it could affect the outcome of the case.

17  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is

18  genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

19  *Id.*

20  **III.    Discussion**

21      The United States seeks summary judgment against Ms. Boynton for the federal income tax

22  assessments for the 1982 tax year.  Ms. Boynton concedes that there can be no dispute as to the

23  amount due, as the amount was determined by the Tax Court and affirmed by the Ninth Circuit.  *See*

24  *Cramer v. Comm'r*, 101 T.C. 225 (1993), *aff'd*, 64 F.3d 1406 (9th Cir. 1995).  However, Ms. Boynton

25  contends that there exists a genuine issue of fact as to whether she is eligible for relief from liability

26  as an "innocent spouse," pursuant to 26 U.S.C. § 6015.[2]

27  _____

28      [2]  In her Answer, in addition to raising the § 6015 "innocent spouse" defense, Ms. Boynton
    asserted that the United States' claim to reduce Ms. Boynton's 1982 income tax assessments to
    judgment is barred by the applicable 10-year statute of limitations.  (Answer at 3.)  However, Ms.

1    The innocent spouse exemption, codified at 26 U.S.C. § 6015, "was ... developed in an effort

2    to offer some protection to a spouse who, through no fault of their own, did not have any knowledge

3    of the incorrect tax reporting of the other spouse." *In re French*, 242 B.R. 369, 376 (Bankr. N.D. Ohio

4    1999).   More specifically, § 6015 encompasses three types of relief, each with their own specific

5    requirements: (1) subsection (b) provides full or apportioned relief from joint and several liability; (2)

6    subsection (c) provides proportionate tax relief to divorced or separated taxpayers; and, (3) subsection

7    (f) provides equitable relief from joint and several liability in certain circumstances if relief from

8    neither subsection (b) nor subsection (c) is available. *See* 26 U.S.C. § 6015.[3] Ms. Boynton contends

9    that she is entitled to relief under each of these three subsections.

10    The United States responds that summary judgment is appropriate for three independent

11    reasons: (1) this Court lacks jurisdiction to adjudicate relief under § 6015 or to review the

12    Commissioner's determination of whether to grant or deny relief under § 6015; (2) Ms. Boynton has

13    failed to exhaust her administrative remedies under § 6015; and, (3) Ms. Boynton's request for relief

14    under § 6015 is untimely.

15    In this case, the Court's analysis begins and ends with jurisdiction.  "The district courts of the

16    United States ... are courts of limited jurisdiction.   They possess only that power authorized by

17    Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct.

18

19    Boynton did not raise this statute of limitations argument in her opposition brief to the United States'
summary judgment motion.   Hence, this argument has been waived. *See In re Home Am.*

20    *T.V.-Appliance Audio, Inc.*, 232 F.3d 1046, 1052 (9th Cir. 2000) (citing *Alexopulos v. Riles*, 784 F.2d
1408, 1411 (9th Cir.1986) (holding that plaintiff's tolling argument was waived for failure to raise the

21    issue in opposition to summary judgment even though the general statute of limitations issue had been
briefed)).

22    Even if Ms. Boynton had not waived the argument, it would have been rejected.  Under 26
U.S.C. § 6502(a), a proceeding to collect taxes must be brought "within 10 years after the assessment

23    of the tax." Section 6503(h) suspends the period of limitations under § 6502 during the pendency of
a Chapter 11 bankruptcy case and for six months thereafter.  According to the undisputed evidence,

24    the applicable assessments against Ms. Boynton were made on March 28, 1994.  (Kim Decl. ¶ 2, Ex.
1 at 2-3 & Ex. 2 at 1.)  On April 5, 1994, Defendant filed a Chapter 11 petition, which was not

25    dismissed until July 13, 1995. *See In re Boynton*, 184 B.R. 580 (Bankr. S.D. Cal. 1995).  The period
of limitations under § 6502 was stayed from April 5, 1994 to January 15, 1996 (i.e., six months after

26    July 15, 1995), for a total of 648 days.  The 10-year period under § 6502(a) did not expire until
January 5, 2006 (10 years and 648 days from March 28, 1994).  Thus, this action was timely

27    commenced on December 9, 2005.

28    [3] The specific requirements of each subsection are not relevant to the issues decided in this
Order.

2611, 2616-17 (2005) (quotation omitted).

In order to address the United States' claim that this Court lacks jurisdiction to consider Ms. Boynton's § 6015 claim, it is first necessary to consider the statutory scheme for innocent spouse relief. Although not a model of clarity, § 6015 and the related regulations envision a process whereby a person claiming innocent spouse relief first does so with the Secretary of the Treasury ("Secretary"), pursuant to procedures established by the Secretary. Section 6015 repeatedly states that its provisions are to be effectuated "[u]nder procedures prescribed by the Secretary." 26 U.S.C. §§ 6015(b)(1) & 6015(f); *see also* § 6015(d)(3)(B) ("[u]nder rules prescribed by the Secretary"); § 6015(h) ("The Secretary shall prescribe such regulations as are necessary to carry out the provisions of this section...."). Among the procedures prescribed by the Secretary is the requirement that in order to elect the application of any of the three types of relief provided by § 6015 (i.e., subsections (b), (c) and (f)), "a requesting spouse must file Form 8857 or other similar statement with the Internal Revenue Service no later than two years from the date of the first collection activity against the requesting spouse after July 22, 1998, with respect to the joint tax liability." 26 C.F.R. § 1.6015-5(b).[4]

Section 6015 also contains provisions for judicial review of the Secretary's § 6015 determinations: "In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section...." 26 U.S.C. § 6015(e)(1)(A). Only the Court of Appeals may then review the decisions of the Tax Court. *See* 26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals ... shall have exclusive jurisdiction to review the decisions of the Tax Court...."); *cf. Pietromonaco v. Comm'r*, 3 F.3d 1342, 1344 (9th Cir. 1993) ("We review for clear error the Tax Court's determination that Mrs. Capehart was not entitled to innocent spouse relief under §§ 6015(b)

---

[4]  The applicable regulation further provides:
To elect the application of § [6015(b)] or [6015(c)], or to request equitable relief under § [6015(c)], a requesting spouse must file Form 8857, 'Request for Innocent Spouse Relief' (or other specified form); submit a written statement containing the same information required on Form 8857, which is signed under penalties of perjury; or submit information in the manner prescribed by the Treasury and IRS in forms, relevant revenue rulings, revenue procedures, or other published guidance....
26 C.F.R. § 1.6015-5(a).

1   and (c).").

2       Section 6015 expressly contemplates District Court jurisdiction in only one instance: when the

3   taxpayer files a refund suit in District Court (as authorized by 26 U.S.C. §§ 6532 and 7422) while a

4   § 6015 petition is pending with the Tax Court. *See* 26 U.S.C. § 6015(e)(3).[5]  In that instance, the Tax

5   Court is divested of jurisdiction to decide the § 6015 petition. *See* 26 U.S.C. § 6015(e)(3)(A).  By

6   contrast, in an action such as the instant one, where the United States initiates a suit to reduce

7   assessments to judgment, § 6015 contains no express provision granting District Court jurisdiction to

8   decide the innocent spouse issue.

9       Ms. Boynton argues that district court jurisdiction is contemplated by the introductory phrase

10  in the judicial review subsection of § 6015: "*[i]n addition to any other remedy provided by law*, the

11  individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the

12  appropriate relief available to the individual under this section...."  26 U.S.C. § 6015(e)(1)(A)

13  (emphasis added).  She contends that employing the innocent spouse provision as an affirmative

14  defense in a suit such as this, is an example of an "other remedy provided by law."  (Def.'s Mem.

15  Opp'n Mot. Summ. J. at 6.)  While Ms. Boynton points to no case expressly making such a holding,

16  or even considering the issue, she does note three instances where District Courts adjudicated a

17  taxpayer's innocent spouse defense--without discussion of the jurisdiction issue.  *See U.S. v. Haag*,

18  No. Civ. 02-12490, 2004 WL 2650274 (D. Mass., Sept. 30, 2004); *Jones v. U.S.*, 322 F. Supp. 2d 1025

19  (D.N.D. 2000); *see also U.S. v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994) (affirming a District Court's

20  decision that a wife should be relieved of her tax liability under the previous innocent spouse

21  provision, 26 U.S.C. § 6013).

22      By contrast, the United States emphasizes the single decision where this issue was considered,

23

24      [5] Subsection 6015(e)(3) provides, in full:
        If a suit for refund is begun by either individual filing the joint return pursuant to

25      section 6532--
                (A) the Tax Court shall lose jurisdiction of the individual's action

26              under this section to whatever extent jurisdiction is acquired by the
                district court or the United States Court of Federal Claims over the

27              taxable years that are the subject of the suit for refund, and
                (B) the court acquiring jurisdiction shall have jurisdiction over the

28              petition filed under this subsection.
    26 U.S.C. § 6015(e)(3).

1   *United States v. Feda*, No. 05 C 1767, 2006 WL 897887 (N.D. Ill., Apr. 3, 2006).  In *Feda*, the United

2   States challenged the innocent spouse affirmative defense on jurisdictional grounds and prevailed.

3   The court concluded that "the district court is not the proper location to introduce an innocent spouse

4   theory."  *Id.* at *4.  The court granted summary judgment to the United States on its complaint to

5   reduce plaintiff's federal tax assessments to judgment, noting that the taxpayer "may attempt to seek

6   innocent spouse relief in the proper location for the tax years that are not yet barred by the statute's

7   limitation period."  *Id.* at *5.

8         The result reached in *Feda* appears to be the proper one, considering the statutory scheme.  As

9   detailed *supra*, the innocent spouse provision and the related regulations require a taxpayer claiming

10  innocent spouse relief to first do so with the Secretary; then, after the Secretary makes a final

11  determination (or fails to make a final determination within six months), the taxpayer may appeal to

12  the Tax Court.  *See* 26 U.S.C. § 6015(e)(1)(A).  Thereafter, appeal of the Tax Court decision may be

13  taken to the Court of Appeals.  *See* 26 U.S.C. § 7482(a)(1).  In the one instance where § 6015 grants

14  district court jurisdiction to decide the innocent spouse issue (inapplicable here), the Tax Court is

15  expressly divested of jurisdiction to decide the § 6015 petition.  *See* 26 U.S.C. § 6015(e)(3)(A).  By

16  contrast, if this Court were to accept Ms. Boynton's invitation to find jurisdiction to decide the

17  innocent spouse issue from the language, "[i]n addition to any other remedy provided by law," 26

18  U.S.C. § 6015(e)(1)(A), there would be no statutory limitation on Tax Court jurisdiction to decide the

19  same issue.  On October 16, 2006, Ms. Boynton filed a Request for Innocent Spouse Relief, I.R.S.

20  Form 8857, with the Secretary.  (Boynton Decl. ¶14, Ex. 3.)  This initiated the administrative

21  consideration of Ms. Boynton's innocent spouse claim.  Barring abstention by one court or the other,

22  it appears entirely possible that under Ms. Boynton's reading of § 6015, this Court and the Tax Court

23  would be adjudicating precisely the same issues at the same time.  It is difficult to believe that

24  Congress would have created a situation fraught with possibilities for inconsistent judgments and

25  contrary to basic principles of judicial economy with the phrase, "[i]n addition to any other remedy

26  provided by law."  This seems especially true when Congress was careful to avoid concurrent

27  jurisdiction in the one instance when district court jurisdiction is expressly granted over the innocent

28  spouse exemption.

1    This Court finds, based upon the language of § 6015 and the related regulations and statutory

2    scheme, that "[t]he proper location to obtain innocent spouse relief is not initially in the district

3    courts." *Feda*, 2006 WL 897887, at *3.  As the *Feda* court noted in a similar situation, granting

4    summary judgment in favor of the United States--accompanied by a finding that the Court lacks

5    jurisdiction to consider the § 6015 defense--does not inhibit the taxpayer's ability to seek innocent

6    spouse relief first with the Secretary and then, if appropriate, with the Tax Court and the Court of

7    Appeals.  This result gives the Secretary the first opportunity to hear Ms. Boynton's innocent spouse

8    claim, as § 6015 envisions.  Then she will have the opportunity to seek judicial review of the

9    Secretary's decision with the Tax Court, as set forth in § 6015.[6]

10    Finally, as the Court has determined that it lacks the jurisdiction to consider the merits of Ms.

11    Boynton's § 6015 innocent spouse claim, the Court makes no findings regarding the United States'

12    other arguments, most notably, that Ms. Boynton's request for § 6015 relief is untimely.  Those

13    arguments are left for a time when Ms. Boynton pursues her claim for § 6015 innocent spouse relief

14    in the proper forum.

15    **IV.    Conclusion**

16    For the reasons discussed above, the United States' Motion for Summary Judgment (D.E. 20)

17    is **GRANTED**.  The Court finds that it lacks jurisdiction over Defendant Susan M. Boynton's claim

18    for innocent spouse relief pursuant to 26 U.S.C. § 6015.  The Clerk of the Court is **ORDERED** to

19    enter judgment in favor of Plaintiff United States of America and against Defendant Susan M.

20    Boynton.

21    **IT IS SO ORDERED**.

22    DATED:  February 1, 2007

23

24    **WILLIAM Q. HAYES**
       United States District Judge

25

26

27    _____

28    [6]  In its briefing, the United States asserted: "[E]ntry of judgment against Defendant in this action would not prejudice her administrative request for relief if the Court holds that it lacks jurisdiction to consider § 6015 as an affirmative defense.  Then her request for administrative request would go forward with the IRS."  (Reply Mem. at 5.)

05-CV-2243 WQH (RBB)